PITTMAN, Judge,
concurring specially.
I concur in the main opinion. I write specially to add one observation that may prove pertinent on remand. A brief review of Alabama appellate cases indicates that in addition to Fuller’s insurer (State Farm Mutual Automobile Insurance Company), a number of other insurance companies transact business using the name “State Farm,” including State Farm Insurance Company, State Farm Automobile Insurance Company, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Life Insurance Company. Ala.Code 1975, § 12-16-150(12), is limited to situations in which a prospective juror has a financial interest, whether by virtue of being a stockholder, officer, employee, or mutual policyholder, in an insurance company that is itself financially interested in the outcome of a particular case. See Wallace v. Alabama Power Co., 497 So.2d 450, 452-53 (Ala.1986). Thus, it follows that not every person insured by an entity bearing the name “State Farm” would ipso facto be subject to a challenge for cause under § 12-16-150(12) in a case where the defen *300 dant is insured by State Farra Mutual Automobile Insurance Company.